UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ZACHARIAH C. KISKADEN,

    Plaintiff,

    v.      CAUSE NO. 3:25-CV-830-CCB-SJF

CORIZON MEDICAL, et al.,

    Defendants.

## OPINION AND ORDER

Zachariah C. Kiskaden, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Kiskaden's complaint contains unrelated claims. He is suing five people for various alleged incidents that happened over the course of two years at the Indiana State Prison (ISP). First, he alleges Officer Pliley retaliated against him. On October 1, 2023, Officer Pliley refused to let Kiskaden shower after completing his kitchen duty. Kiskaden reported this matter to several of Officer Pliley's supervisors. In response,

Officer Pliley wrote Kiskaden up for "threaten[ing] him," which Kiskaden says is false. ECF 1 at 3. He remained in "lock up" for approximately four months "despite the fact the write up was dropped to a C and [he] was only given 15 days for an (out of place)." *Id.* at 3–4.

Next, he alleges he was denied his medically prescribed egg-free diet (necessary due to an egg allergy) while in segregation even though the medical staff at Corizon was aware of it. As such, he was "fed less" than everyone else. *Id.* at 4. He claims his diet was "not fixed" until he was released from segregation. *Id.* Kiskaden was recently "sent back to seg" due to issues with his old cell. He claims he was there for another four months, "despite beating the write up outrite (sic)." *Id.* He claims his "diet ran out" again in July of 2025, and despite his weekly grievances, he was "fed less than everyone else for over 2 months." *Id.* at 5. The Indiana Department of Correction has been aware of Kiskaden's egg allergy for twenty years, and the only time he has had an issue is at ISP. He discussed the problem with Dr. Marthakis, but she told him "there is other food on the trays so you won't starve." *Id.* In total, he has allegedly been deprived of his medically prescribed diet for nearly five months over the last two years.[1]

Kiskaden has sued Corizon Medical, Officer Pliley, Warden Ron Neal, Dr. Marthakis, and Mrs. Bane for monetary damages. However, Kiskaden may not bring a

---

[1] He also vaguely complains about the conditions in segregation saying the cells are dirty, he must wear the same clothes for weeks at a time, and he was given less access to recreation time and education programs.

2

single lawsuit against different defendants based on unrelated events. "Unrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). Claims are related either if the same defendant is involved in each claim or if the claims all stem from the same transaction or occurrence and there is a common question of law or fact. FED. R. CIV. P. 18(a), 20(a)(2). Kiskaden's claims are not related. His retaliation claim does not involve a common question of law or fact with his claim regarding the lack of a medically prescribed diet. While claims may sometimes be brought in the same lawsuit if the same defendant(s) are involved in each claim, the link is not explicit here. Therefore, Kiskaden cannot proceed on two separate claims concerning different defendants and different facts—they are not related.

When a *pro se* prisoner files a suit with unrelated claims, the court has several options. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). It is the practice of this court to notify the plaintiff and allow him to decide which claim (or related claims) to pursue in the instant case—as well as to decide when or if to bring the other claims in separate suits. *Id.* ("The judge might have been justified in directing Wheeler to file separate complaints, each confined to one group of injuries and defendants."). This is the fairest solution because "the plaintiff as master of the complaint may present (or abjure) any claim he likes." *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009).

Accordingly, Kiskaden needs to decide which related claims and associated defendants he wants to pursue in this case. *See Katz*, 552 F.3d at 563 and *Wheeler*, 689 F.3d at 683. Then, he needs to file an amended complaint including only a discussion of those related claims and defendants. He should not write about other events and conditions at the prison that are not directly related to the claim against the named defendant or defendants. If he believes additional events or conditions also state a claim, he needs to file separate lawsuits.

Kiskaden will be granted an opportunity to file an amended complaint containing only related claims. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). To do so, he needs to use a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available at his law library, and place the case number at the top of this order on it. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint," and he needs to send it to the court after he properly completes the form. He should read all the directions carefully and fill it out accordingly. He needs to explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured—providing relevant facts about what occurred.

If he wants to pursue any other unrelated claims, Kiskaden must file a separate complaint for each group of unrelated claims. Each complaint will be assigned a new case number and proceed as an independent case, subject to the usual filing fee, costs, and constraints of the Prisoner Litigation Reform Act.

For these reasons, the court:

(1) **GRANTS** Zachariah C. Kiskaden until **November 3, 2025**, to file an amended complaint as described above; and

(2) **CAUTIONS** Zachariah C. Kiskaden that, if he does not respond by the deadline, this case may be dismissed without further notice.

SO ORDERED on October 3, 2025.

                                          /s/ *Cristal C. Brisco*
                                        CRISTAL C. BRISCO, JUDGE
                                        UNITED STATES DISTRICT COURT